FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 08 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MITCHELL PATRICK, #12008710,

                       Plaintiff,

      -against-

NASSAU COUNTY DA OFFICE,

                       Defendant.
----------------------------------------------------------------X

ORDER
14-CV-5828 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

On October 2, 2014, incarcerated *pro se* plaintiff Mitchell Patrick ("plaintiff") filed an *in forma pauperis* civil rights complaint against the "Nassau County DA Office" ("defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is GRANTED.

However, plaintiff already has a pending case in this Court against the Nassau County District Attorney's Office, and others, alleging similar claims based on the same facts. *See Mitchell v. Nassau County DA Office*, 13-CV-3409 (JFB)(AKT). Both complaints challenge the constitutionality of plaintiff's pre-trial detainment at the Nassau County Correctional Center for which plaintiff seeks to recover an unspecified sum "for all the time I spend in jail." (*See* Compl., 14-CV-5825, at ¶¶ IV, V and Am. Compl., 13-CV-3409, at ¶¶ IV, V). Accordingly, for the reasons that follow, the Court consolidates plaintiff's complaints under the first-filed docket number, 14-CV-3409 and orders that the case assigned docket number 14-5828 be closed.

DISCUSSION

I.    Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this actions without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

II.    Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130 (internal citations omitted). Cases may be consolidated where, as here, there are different parties in the complaints. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *see also Pirelli Armstrong Tire Corp. Retiree*

*Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, both of the complaints filed by plaintiff challenge the constitutionality of his pre-trial detainment at Nassau County Correctional Center. Apart from the identity of the defendants in each case, the factual allegations set forth in both complaints are virtually identical. However, the fact that the defendants are different in the two actions does not mean that the cases should not be consolidated. *See Werner*, 797 F. Supp. at 1211. Rather, the Court, in its discretion, has determined that this difference, together with the common questions of law and fact in both cases, do not outweigh the interests of judicial economy served by consolidation. Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 13-CV-3409. The Clerk of Court is directed to: (1)

consolidate these actions; (2) mark the second case (14-CV-5828) closed; and (3) forward copies of the summons, the complaint, and this order to the United States Marshal Service for service upon the defendants forthwith.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the first and second complaints are consolidated into plaintiff's first-filed case, 13-3409. The Clerk of Court is directed to mark the second case (14-CV-5828) closed and all future filings are to be docketed in 13-CV-3409. The Clerk of Court is further directed to forward copies of the summons, the complaint, and this order to the United States Marshal Service for service upon the defendants forthwith and to mail a copy of this Order to plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: October 8, 2014
Central Islip, New York

4