UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK MITCHELL,

                *Pro se* Plaintiff,

      -against-

NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE, NASSAU COUNTY POLICE
DEPARTMENT, SGT. WILLIAM K. IGER and
DET. PETER A. MCGINN,

                Defendants.
----------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

CV 13-3409 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On June 12, 2013, Plaintiff Patrick Mitchell ("Plaintiff") initiated this action by filing the EDNY *pro se* form Civil Rights Complaint against Defendants Nassau County District Attorney's Office, Nassau County Police Department, Sergeant William K. Iger, and Detective Peter A. McGinn (collectively, "Defendants") challenging the constitutionality of his pre-trial detainment and interrogation at the hands of the Defendants. *See generally* Complaint ("Compl.") [DE 1]; Amended Complaint ("Am. Compl.") [DE 18]. Judge Bianco granted Plaintiff's motion to proceed *in forma pauperis* on June 17, 2013.

As preparation for the Initial Conference to address the discovery phase of the case, this Court issued its *pro se* prisoner scheduling order on July 29, 2013 directing Plaintiff to prepare a written narrative statement (with instructions for doing so) and to file the statement with the Court by September 9, 2019 [DE 13]. The Court also set the deadline for Defendants' narrative statement at October 7, 2013 and scheduled a telephone status conference for October 31, 2013.

*Id*. On August 19, 2013, Judge Bianco conducted a telephone status conference with the parties and ruled that the pro se plaintiff could submit an amended complaint by September 19, 2013. The Court received the Amended Complaint on August 29, 2013. However, the Plaintiff did not submit his written narrative statement by the September 9, 2013 deadline.

On September 13, 2013, Defendants filed a motion to stay this action pending the "resolution of [Plaintiff's] criminal matter." DE 17. Judge Bianco granted Defendants' motion to stay the litigation on October 4, 2013 and noted that the Defendants were not opposing plaintiff's filing a further amended complaint. DE 21. Based on the stay, this Court canceled the previously scheduled October 31, 2013 conference with the parties. Defendants thereafter provided Judge Bianco with periodic status updates concerning the criminal case. See DE 33, 36.

Judge Bianco lifted the stay on March 24, 2015, after the conclusion of Plaintiff's criminal trial. DE 37. On April 15, 2015, this Court issued an Amended Scheduling Order which required the parties to submit "a written narrative of the facts which [each party] currently anticipates presenting at trial through the testimony of witnesses or documentary evidence." DE 38. The deadlines for submission of the parties' narrative statements were May 27, 2015 for Plaintiff and June 24, 2015 for Defendants. *Id*. The Court also scheduled a telephone status conference for July 9, 2015 (subsequently re-scheduled to August 17, 2015 [DE 43]). *Id.* The Defendants served their answer to the Second Amended Complaint on April 23, 2015.

Plaintiff failed to submit his written narrative statement by the May 27, 2015 deadline. DE 43. On June 19, 2015, the Court granted Plaintiff "one final opportunity to submit his narrative statement" by July 13, 2015. *Id*. The Court stated as follows: "[i]f Plaintiff fails to submit his narrative statement by that deadline, this Court will be left with no alternative but to

recommend to Judge Bianco that this action be dismissed for Plaintiff's failure to comply with his discovery obligations and his failure to comply with the Orders of this Court." *Id*.

The Defendants submitted their Revised Narrative Statement on June 24, 2015 [DE 46]. Further, Defendants filed a letter request to Judge Bianco on June 25, 2015 seeking a pre-motion conference [DE 47] for purposes of amending their answer. Judge Bianco denied the motion on June 26, 2015, but without prejudice.

Plaintiff again failed to submit his narrative statement by the July 13, 2015 deadline. *See* DE 50. As a result, Defendants filed a letter motion on July 24, 2015 [DE 49] seeking to dismiss the case for lack of prosecution. The Court held a telephone status conference with the parties as scheduled on August 17, 2015, which are arranged by Defendants' counsel at the Court's direction. At that time, the Court denied Defendants' letter motion to dismiss, without prejudice. *See* DE 50. At the conference, the Court noted that Plaintiff had some health issues and had been hospitalized, but also noted that plaintiff had not been in the hospital over the four-month. Since the original Order was issued. In granting Plaintiff one final opportunity to submit his written narrative statement, the Court "*made clear to plaintiff Mitchell that he has an absolute and final deadline of September 3, 2015 to provide the required written narrative statement. If he does not do so, there will be no further telephone calls, follow-up Orders or reminders. Instead, the Court will take prompt action to prepare a Report and Recommendation to Judge Bianco that this case be dismissed.*" DE 50 (emphasis in original). Thereafter, Plaintiff submitted a handwritten narrative statement on August 31, 2015. *See* DE 52.

On October 5, 2016, after pointing out that there had been no activity in the case for nearly 10 months, the Court ordered Defendants' counsel to arrange a telephone conference with Plaintiff and to provide the Court with a list of any remaining discovery issues as well as a

3

proposed schedule to complete discovery. *See* Electronic Order of October 5, 2016. Defendants made several unsuccessful attempts to communicate with Plaintiff and subsequently asked the Court on October 21, 2016 to "produce[ ] Plaintiff and make him available for a telephone conference . . . or in the alternative that the Court schedule a telephone status conference with the parties and the Court." DE 58. For a period of time thereafter, the Plaintiff's whereabouts were unknown. *See* DE 59. The Court scheduled a telephone conference for May 15, 2017 and directed Defendants' counsel to "confirm that Plaintiff is still residing at the Franklin Correctional Facility and make all necessary arrangements to facilitate Plaintiff's telephonic appearance at this conference. To the extent Plaintiff has since been transferred to an alternate housing facility, Defendants' counsel shall confirm Plaintiff's new location, advise the Court as to the same and facilitate Plaintiff's appearance at the conference." Electronic Order of April 7, 2017. Defendants made several unsuccessful attempts to ascertain Plaintiff's whereabouts before the May 15, 2017 telephone conference. *See* DE 59-62.

Plaintiff failed to appear at the May 15, 2017 conference. *See* DE 63. Defendants' counsel was instructed to contact Plaintiff at his last known residence, to determine whether Plaintiff was incarcerated, and to follow-up with the Court within three weeks with any findings. *Id*. On June 21, 2017, Defendants obtained Plaintiff's address and telephone number from his Parole Officer. *See* DE 67. Thereafter, the Court scheduled an in-person status conference for July 17, 2017. *See* DE 68. The Court also put Plaintiff on notice that "failure to appear at the rescheduled conference on July 17, 2017 may result in this Court recommending to Judge Bianco that his case be dismissed for his failure to diligently prosecute this matter and otherwise comply with this Court's prior Orders." *Id*. Plaintiff again failed to appear at the July 17, 2017 status conference, as a result of which, the Court set a Show Cause Hearing from August 14, 2017

4

directing the pro se plaintiff to appear in person at 10:30 AM and show cause why this case should not be dismissed for his failure to prosecute his claims and to comply with the Orders of this Court.  *See* DE 70.  The Court granted Plaintiff "one FINAL OPPORUNITY to appear in court to proceed with his claims."  *Id*.  The Court specifically directed Plaintiff to appear in person at that time.   Defendants were permitted to appear by telephone.   The Court ordered Defendants to serve Plaintiff with a copy of the July 17, 2017 Order requiring Plaintiff to appear on August 14, 2017.  *See* DE 70.  Counsel for Defendants filed a certificate of service affirming that Plaintiff was served at 2323 Davidson Avenue, Bronx, New York 10468 by first class mail and priority mail express with the Civil Conference Minute Order dated July 17, 2017.  *See* DE 71.

Plaintiff did not appear at the August 14, 2017 show cause hearing, notwithstanding a Certificate of Service having been filed showing that defendants served Plaintiff with the Show Cause Order on July 31, 2017.  *See* DE 71, 73.  The Court noted at that time that it would be preparing "a separate Report and Recommendation to Judge Bianco outlining the details which are relevant here and recommending that the case be dismissed." *Id*.

"The district court [ ] has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995); *see Loadholt v. Costco Wholesale Corp.*, No. 13 Civ. 567, 2014 WL 4983684, at *1 (E.D.N.Y. Oct. 3, 2014) (adopting report and recommendation that case be dismissed pursuant to Rule 41(b) in light of plaintiff's failure to appear at conferences and a show cause hearing, which evidenced Plaintiff's "apparent abandonment of his lawsuit"); *Paul v. Yu*, No. 13 Civ. 8824, 2014 WL 4631896, at *2 (S.D.N.Y. Sept. 12, 2014) (adopting report and recommendation that case be dismissed pursuant to Rule

5

4(m) and Rule 41(b) for failing to serve process or communicate with the Court despite being advised twice of his obligation to do so); *Feliciano v. Cty. of Suffolk*, No. 04-CV-5321, 2014 WL 198340, at *4 (E.D.N.Y. Jan. 14, 2014) (adopting report and recommendation that case be dismissed for failure to prosecute after the issuance of multiple court orders advising counsel that failure to proceed would result in dismissal).

In light of the foregoing circumstances -- namely, the *pro se* Plaintiff's repeated failure to appear at conferences and to comply with the Orders of the Court, notwithstanding proper service and notice -- the Court can only conclude that the Plaintiff has abandoned this litigation. The Plaintiff has made no attempt to communicate with the Court at any time since the Show Cause hearing. The Court, therefore, is compelled to recommend to Judge Bianco that the Second Amended Complaint be dismissed for lack of prosecution and for Plaintiff's failure to comply with the Orders of this Court.

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See FED. R. CIV. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joseph F. Bianco, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal.** *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d

900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Defendants' counsel is directed to serve a copy of this Order upon the *pro se* Plaintiff forthwith by overnight mail and first-class mail and to file proof of such service on ECF by May 23, 2019**.

                                            **SO ORDERED.**

Dated: Central Islip, New York
         May 20, 2018

                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        U.S. Magistrate Judge